UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVEL SYNDICATION TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-5, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:21-CV-3894-JPB |

## ORDER

This matter comes before the Court on Travel Syndication Technology, LLC's ("Plaintiff") Motion for Leave to File Amended Complaint and for Additional Time to Effect Service [Doc 13]. This Court finds as follows:

## BACKGROUND

Plaintiff brought this action alleging that unnamed parties ("Defendants") infringed Plaintiff's intellectual property rights. [Doc. 1]. Plaintiff—a travel and technology service provider—created a Facebook page for its business in 2011. Id. at 4. Plaintiff alleges that Defendants, whom Plaintiff believes to be its current or former employees, took unauthorized control of the Facebook page. Id. at 1, 5. Specifically, Plaintiff claims that Defendants edited the Facebook page, utilized

Plaintiff's trademarks,[1] made false claims and used "caricatures and cartoons of sinking ships, sports cars, and dumpsters on fire" to portray Plaintiff's business in a negative light and to deter potential customers.  Id. at 5, 6.  After discovering the "hijack[ing]" effort, Plaintiff claims that it spent over $5,000 trying to regain control of the Facebook page, with Defendants offering to sell access to the page for $350,000.  Id. at 7.  According to Plaintiff, Facebook shut down the original page, but Defendants then created a fake Facebook page using Plaintiff's registered trademarks.  Id. at 6–8.

On September 21, 2021, Plaintiff filed a complaint against Defendants, bringing claims for trademark infringement, unfair competition, defamation *per se*, conversion and misappropriation of trade secrets.  Id. at 8–11.  On October 19, 2021, Plaintiff sought leave to take early discovery to ascertain Defendants' identities, specifically by subpoenaing Facebook and Glassdoor.  [Doc. 7].  The Court granted this motion on December 2, 2021, as to only those individuals who managed the official and fake Facebook pages.  [Doc. 9, p. 10].  Plaintiff subpoenaed Facebook on December 15, 2021.  [Doc. 12-2, p. 3].

---

[1] Plaintiff owns trademark rights to the marks in question, which are on the United States Patent and Trademark Office's Principal Register under registration number 5423962. [Doc. 1, p. 3].

On February 3, 2022, Plaintiff filed a motion to extend time to serve Defendants because Facebook had not yet responded to the subpoena. [Doc. 12]. The Court granted that motion on February 4, 2022, permitting Plaintiff to serve Defendants by May 5, 2022. See February 4, 2022 Docket Entry. At some point thereafter, Facebook advised Plaintiff that an individual named "Sul Shah" was responsible for accessing the original Facebook page and later creating the fake Facebook page. [Doc. 13-1, p. 2]. Plaintiff recognized this individual as "Sulman Shah," one of Plaintiff's former employees. Id. On May 5, 2022, Plaintiff filed a Motion for Leave to File Amended Complaint and for Additional Time to Effect Service. [Doc. 13].

**LEGAL STANDARD**

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, a trial court should not deny leave to amend "without any justifying reason." Foman v. Davis, 371 U.S. 178, 182 (1962). Although "leave to amend is 'freely given when justice so requires,' it is 'not an automatic right.'" Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008) (first quoting Fed. R. Civ. P. 15(a), then quoting Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982)). Justifying reasons to deny an amendment include: "(1) where there has

been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing Foman, 371 U.S. at 182).

## ANALYSIS

In the instant Motion, Plaintiff seeks to amend its Complaint to name Sulman Shah[2] as a defendant and requests sixty days for service. [Doc. 13-1, p. 1]. The proposed Amended Complaint asserts the following four claims against Shah: count I, trademark infringement under the Lanham Act; count II, unfair competition; count III, defamation *per se*; and count IV, misappropriation of trade secrets.[3] [Doc. 13-2, pp. 8–11].

The Court finds that leave to amend is warranted in this case. First, Plaintiff did not display undue delay or bad faith in seeking to file the Amended Complaint. "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment

---

[2] Plaintiff claims that Shah resides in the Atlanta area and that this Court therefore has jurisdiction over him. [Doc. 13-1, p. 2].
[3] The Court has renumbered the counts for clarity. The proposed Amended Complaint lists the final claim as "Count V" and does not include a "Count IV." See [Doc. 13-2, p. 10].

would further delay the proceedings." Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1186 (11th Cir. 2013), abrogated on other grounds by CSX Transp., Inc. v. Gen. Mills, Inc., 846 F.3d 1333, 1340 (11th Cir. 2017).  According to Plaintiff, "[t]he only delays in moving to amend were waiting for Facebook to comply with the subpoena, correlating Facebook's information to employee records, investigating to ensure this Court maintained jurisdiction, and the preparation of the amended pleading." [Doc. 13-1, p. 3].  Plaintiff could not move to amend until Facebook complied with the subpoena.  As such, Plaintiff did not possess the information justifying the amendment "long before" requesting leave to amend and therefore did not delay in filing the instant Motion.  Tampa Bay Water, 731 F.3d at 1186.  Accordingly, Plaintiff neither acted in bad faith nor improperly delayed the lawsuit.

Second, Plaintiff has not repeatedly failed "to cure deficiencies by amendments previously allowed." Bryant, 252 F.3d at 1163.  Because the instant Motion is Plaintiff's first request to file an amended complaint, Plaintiff clearly has not failed to cure any such deficiencies.  Third, Shah, the proposed defendant, will not suffer undue prejudice as a result of the proposed amendment.  Prejudice of this sort "is especially likely to exist if the amendment involves new theories of recovery or would require additional discovery." Tampa Bay Water, 731 F.3d at

5

1186 (quoting 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15[2]). Discovery has not started in this case, and Plaintiff does not allege any new claims to relief against Shah. As such, Shah will not be unduly prejudiced by the amendment. See, e.g., Fresh v. Diamond Dev. Invs., Inc., No. 13-cv-2657, 2015 WL 1046128, at *2 (N.D. Ga. Mar. 9, 2015) ("The Court notes . . . that no discovery has taken place in this case, and thus the prejudicial effect on [the proposed defendant], if any exists, is minimal.").

Finally, the request for amendment is not futile. An amendment is futile "'when the complaint as amended is still subject to dismissal.'" Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)). The question for the Court "is whether 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" L.S., ex rel. Hernandez v. Peterson, 982 F.3d 1323, 1332 (11th Cir. 2020) (quoting Hall, 367 F.3d at 1262). In the proposed Amended Complaint, Plaintiff asserts four claims against Shah—trademark infringement, unfair competition, defamation *per se* and misappropriation of trade secrets—and alleges facts in support of these claims. Accordingly, the Court finds that Plaintiff's proposed Amended Complaint is not futile and that leave to amend is proper in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to File Amended Complaint and for Additional Time to Effect Service [Doc. 13] is **GRANTED**. The Amended Complaint [Doc. 13-2] is now the operative complaint in this action. Plaintiff shall serve Shah with the Amended Complaint within sixty days of this Order. Finally, the Clerk is **DIRECTED** to update the docket to reflect that the defendant in this case is "Sulman Shah," rather than "John Does 1-5."

**SO ORDERED** this 13th day of June, 2022.

J. P. BOULEE
United States District Judge